*UNITED STATES BANKRUPTCY COURT*
*MIDDLE DISTRICT OF FLORIDA*

In re:                                                                       CASE NO. 16-bk-04018
                                                                                      Chapter 7
**Douglas S. Swatkowski**

        **Debtor.**
_____/

## NOTICE OF EXAMINATION OF KIMBERLEY SWATKOWSKI *DUCES TECUM* UNDER FED. R. BANKR. P. 2004

Seacoast National Bank ("Creditor"), by and through its undersigned counsel, and pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1, hereby gives notice of its examination of the Debtor's spouse, Kimberley Swatkowski, on **September 7, 2016 at 2:00 p.m. at the offices of Mateer & Harbert, P.A, 225 E. Robinson Street., Suite 600, Orlando, Florida 32801**, and for production of Documents, pursuant to the instructions and requests identified on **Exhibit A** to this Notice, at the examination, and as support of this notice, states as follows:

    1.    On June 17, 2016, Douglas S. Swatkowski (the "Debtor") filed a voluntary petition (the "Petition") in the United States Bankruptcy Court for the Middle District of Florida (this "Court"), seeking relief under chapter 7 of the Bankruptcy Code (Doc. No. 1).

    2.    Creditor is a creditor of the Debtor and has an allowed unsecured claim.

    3.    The chapter 7 trustee held a section 341 meeting of creditors on July 20, 2016, but continued it to August 17, 2016 because the Debtor failed to appear.

    4.    The Debtor agrees to the date of examination in this notice.

    5.    Accordingly, Creditor hereby gives notice of its examination of the Debtor pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 to examine the Debtor's spouse

regarding his financial and business affairs, his bankruptcy schedules and statements, as well as information related to the dischargeability of Creditor's allowed unsecured claim.

      6.      Fed. R. Bankr. P. 2004(b) states that the examination of the Debtor "may relate only to acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Therefore, the proposed examination is within the scope of Rule 2004.

      7.      Local Rule 2004-1 allows examination and production under Rule 2004 in the manner set forth in this Notice.

RESPECTFULLY SUBMITTED this 29 day of August, 2016.

*/s/ Jon E. Kane*
JON E. KANE
Fla. Bar No. 0814202
Mateer & Harbert, P.A.
Post Office Box 2854
Orlando, Florida 32802
Tel (407) 425-9044
Fax (407) 423-2016
Jkane@mateerharbert.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system on August 29, 2016.

*/s/ Jon E. Kane*
Jon E. Kane, Esq.

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

Unless specifically indicated, or otherwise required by the context in which the terms, names, and instructions are used, the following definitions shall be applicable herein for the purposes of this discovery request only.

1. The terms **"and"** and **"or"** are to be treated as synonymous and interchangeable as sometimes indicated by the use of the term "and/or."

2. The term **"You"** and **"your"** refer to KIMBERLEY SWATKOWSKI and Your agents, officers, directors, shareholders and employees, assignors; merged, consolidated or acquired predecessors or successors; divisions, affiliates, units and subsidiaries, whether or not wholly owned; including, but not limited to, all other persons acting or purporting to act on your behalf; experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action.

3. The terms **"Defendant"** or "**Debtor**" refers to DOUGLAS SWATKOWSKI, Respondent herein, and his agents, officers, directors, shareholders and employees, its assignors; merged, consolidated or acquired predecessors or successors; divisions, affiliates, units and subsidiaries, whether or not wholly owned; including, but not limited to, all other persons acting or purporting to act on their behalf; experts, persons consulted concerning any factual matter or matters of opinion relating to any of the facts or issues involved in this action.

4. The terms "**Document**" or "**Documents**" shall mean the original and any non-identical copies (whether different from the original because of notations made on or attached to a copy or otherwise), of any written, graphic, or otherwise recorded matter however produced, and drafts and both sides thereof, whether inscribed by hand, printed, created and stored on computer software or hardware, or recorded by mechanical, electronic, microfilm, photographic, phonic, or any other means including material printed or recorded electronically or magnetically or stored in any type of data bank, computer, or storage device including, but not limited to, the following: abstracts, address books, advertisements, advertising materials, agendas, agreements, analyses of any kind, appointment books, audio cassettes, bids, billings, bulletins, books, books of account, brochures, calendars, catalogs, charts, checks and canceled checks, agreements, checklists, circulars, communications, compilations, computer files and programs, consultant's reports, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, directories, diskettes, drafts, drawings, electronic mail, Electronically Stored Information (as defined below), estimates, evaluations, expense records, experts' reports or studies, facsimiles, films, financial statements or calculations, floppy disks, flyers, graphs, instructions, intra-corporate communications, inspection records, sheets and reports, invoices, layouts, leaflets, ledgers, letters, licenses, lists, logs, mailings, manuals, maps, memoranda, minutes, movies, notes, notebooks, opinions, outlines, organizational charts, tables, pamphlets, permits, photographs, pictures, prints, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records, recordings, renderings, reports, schedules, scripts, sketches, slides, specifications, statistical analyses, studies, summaries, tabulations, tallies, tapes, tape recordings, telegrams, teletype messages, telefax messages, telephone logs, time sheets,

transcripts, undertakings, work assignments, worksheets, video cassettes, videotapes, papers and files, summaries of personal conversations or interviews, minutes, notes or records of meetings or conferences, opinions or reports of consultants, projections, statistical statements, computer stored matter, magnetic tapes, microfilm, microfiche, all other records kept by electronic, photographic, or mechanical means, records and paper and things similar to any of the foregoing, however denominated, specifically including any information stored at any time in any electronic media, including active, inactive, and archived files which are or can be made available for retrieval from any electronic storage media including hard disks, optical disks, tape storage and the like, in the possession, custody, or control of you, your agents, or your attorneys and their agents. Document shall also mean the transcript of any deposition taken in any other action, which contains information called for by a request.

5. The terms **"Electronically Stored Information"** or **"ESI"** shall include all electronic information permitted under Rule 34 of Federal Rules of Civil Procedure, including, without limitation: word-processing documents; spreadsheets; presentation documents; graphics; animations; images; email (including attachments which shall be kept with the email); instant messages; text messages; log files; source code; compressed files; voice mail; audio, video, and audiovisual recordings; databases and database subsets; and other user, or machine created, computer files or other digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an intranet, archives, discs, CDs, DVDs, other optical media, diskettes, drives, zip drives, tapes, cartridges, other magnetic media, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, Blackberries, iPods, MP3 players, pagers, and voicemail systems.

6. **Production of Documents in Electronic Format**. As to all electronically stored information and Documents or communications existing in electronic format, including, but not limited to, emails, please provide diskettes containing such data, CDR discs, or other portable storage media. *All Documents existing in electronic format shall be provided in their native format with accompanying metadata* (for example, but not by way of limitation, emails sent or received using Microsoft Outlook should be produced on CDR disc in ".PST" format).

7. "**Persons**" shall mean natural persons, corporations, firms, companies, partnerships, unincorporated associations, governmental or public agencies, joint ventures, and all other entities.

8. The term **"relate"** or **"relating to"** means constituting, containing, embodying, reflecting, identifying, stating, referring to, concerning, dealing with, or in any way pertaining to.

9. The words "**any**" and "**all**" shall be considered to include "each" and "each and every."

10. The singular of any word shall include the plural, and the plural of any word shall include the singular.

5

      11.    If you do not clearly understand, or have any questions about, the definitions, instructions, or any request for documents, please contact counsel for Plaintiff promptly for clarification.

      12.    All documents shall be produced for all periods noted, continuing through the date of the scheduled deposition (the "present"), unless stated otherwise. Unless otherwise stated, the time period requested for production shall be for the period from January 1, 2012 to the present.

## DOCUMENTS TO BE PRODUCED

### Exhibit "A"

1. Any and all income tax returns filed on behalf of Douglas Swatkowski or Kimberly Swatkowski during the previous five years.

2. Any and all W-2, 1099 income or K-1 statements received by Douglas Swatkowski or Kimberly Swatkowski over the previous five years.

3. The original of all membership certificates in any limited liability company owned or beneficially held by Douglas Swatkowski or Kimberly Swatkowski either alone or jointly with any other person or persons.

4. The original of all stock certificates in any corporation owned or beneficially held by the Douglas Swatkowski or Kimberly Swatkowski either alone or jointly with any other person or persons.

5. All insurance policies insuring loss to any property, real or personal, which Douglas Swatkowski or Kimberly Swatkowski owns alone or jointly with any other person.

6. Any and all financial statements reflecting the financial condition of Douglas Swatkowski or Kimberly Swatkowski during the previous five years.

7. Any minutes, notes or memoranda of any meetings for Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC.

8. Any and all income tax returns filed on behalf of Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC, during the previous five years.

9. Any and all 1099 income or K-1 statements issued by Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC, to any shareholder, member, partner or limited partner over the previous five years;

10. Any and all documents relating to the formation of Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC, including underlying agreements and documents establishing members, shareholders, general and limited partners and the respective ownership interests;

11. Any and all documents relating to any ownership interests in Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC, held by any person or entity within the past five years;

12. Any and all financial statements reflecting the financial condition of Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC, during the previous five years;

13. Any all documents evidencing, referring or relating to the employment of Kimberly Swatkowski by Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC in any capacity whatsoever within the past four years, including but not limited to time records and any and all payments, distributions, wages or transfers of monies or assets to Kimberly Swatkowski.

14. Any and all notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of any assets acquired by Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC within the last five years, debts owed by Douglas Swatkowski, property owned by Douglas Swatkowski, or property in which Douglas Swatkowski has a security interest;

15. All writings or financial reports, showing or tending to show all monies due Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC together with any records showing or tending to show all persons who owe Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC money;

16. All writings or financial reports, showing or tending to show any and all monies due or owed to Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC.

17. All insurance policies insuring the loss to any property, real or personal, which Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, and Douglas S. Swatkowski, LLC owns.

18. All bills of sale, deeds, contracts or other documents showing transfer of any and all property executed on behalf of Douglas Swatkowski, Kimberly Swatkowski, Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC alone or jointly with any person or entity during the previous five years.

19. Any and all bank statements, cancelled checks or other memoranda showing or tending to show all transactions with any bank or financial institution with which Douglas Swatkowski, Kimberly Swatkowski, Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC did business during the previous five years;

20. Any and all bank statements, cancelled checks or other memoranda showing or tending to show all transactions for any account of Douglas Swatkowski, Kimberly Swatkowski, Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, Douglas S. Swatkowski, LLC, or Superior Roadway Services, LLC or any other account upon which

defendant Douglas Swatkowski, or Kimberly Swatkowski has had the ability to draw during the previous five years;

21. All wills or trust agreements for under which Douglas Swatkowski or Kimberly Swatkowski has been a settlor, trustee or beneficiary in the previous five years, including any and all amendments thereto;

22. Any and all tax returns filed on behalf of any Trust identified in paragraph 18 above during the previous five years;

23. Any and all 1099 income or K-1 statements issued by any Trust identified in paragraph 18 above to any person or entity over the previous five years;

24. Any and all documents relating to the formation of any Trust identified in paragraph 18 above, including underlying agreements and documents establishing settlor, trustee and beneficiaries and the respective interests;

25. Any and all documents relating to any interests in any Trust identified in paragraph 18 above held by any person or entity within the past five years;

26. Any and all financial statements reflecting the financial condition of any Trust identified in paragraph 18 above during the previous five years;

27. Any and all notes, deeds, title certificates, mortgages, or security instruments of any kind showing or tending to show the existence of any assets acquired by any Trust identified in paragraph 18 above within the last five years, debts owed by any such Trust, property owned by any such Trust, or property in which any such Trust has a security interest;

28. Any and all contracts for the sale or purchase of that certain parcel of real property located at 5624 West Lake Butler Road, Windermere, Florida, described as LOT 58, KELSO ON LAKE BUTLER, according to the Plat thereof as recorded in plat book 5, page 48, public records of Orange County, Florida, Parcel ID No. 13-23-27-4110-00580, and as reflected in Deed recorded on January 29, 2014 at O.R. Book 10695 Page 0355, Public Records of Orange County, Florida (the "Kim Swatkowski Property").

29. Any and all HUD-1 settlement or closing statements for the purchase of the Kim Swatkowski Property.

30. Any and all documents evidencing the source of funds used to purchase the Kim Swatkowski Property, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices.

31. Any and all construction contracts, notices of commencement, construction plans or permits for the performance of any construction, improvements or renovations made to the Kim Swatkowski property.

32. Any and all documents related to the closing upon the sale and purchase of the Kim Swatkowski Property, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices.

33. Any and all documents evidencing the source of any funds used to pay for any construction, improvements or renovations made to the Kim Swatkowski property.

34. Any documents, correspondence or agreements evidencing the settlement of any claim held by either Douglas Swatkowski or Kimberly Swatkowski, the proceeds of which may have been used for the purchase of the Kim Swatkowski Property.

35. Any and all documents evidencing, referring or relating to any claim Kimberly Swatkowski has held, individually or jointly, concerning the law firm of Allred, Maroko & Goldberg, or involving any claim relating to discrimination, sexual harassment or women's rights, including all claims correspondence, pleadings, and any documents concerning any settlement or payment.

36. Any and all documents evidencing, referring or relating to any claim Douglas Swatkowski has held, individually or jointly, concerning the law firm of Allred, Maroko & Goldberg, or involving any claim relating to discrimination, sexual harassment or women's rights, including all claims correspondence, pleadings, and any documents concerning any settlement or payment.

37. Any and all statements of account evidencing the deposit and ultimate transfer or disposition of any proceeds from the settlement of any claims referenced in paragraphs 35 and/or 36 above, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices.

38. Any and all documents evidencing, referring or relating to the source of funds used to satisfy that certain mortgage dated January 27, 2014, granted to Harry Strickland as mortgagee by Douglas Swatkowski and Kimberley Swatkowski as mortgagors, on the Kim Swatkowski Property, as reflected in Satisfaction of Mortgage dated January 15, 2016 and recorded at Doc # 20160026767, Public Records, Orange County, Florida, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices.

39. Any and all contracts for the sale or purchase of that certain parcel of real property located at 11425 Lake Butler Blvd., Windermere, Florida, described as LOT 9, LAKE BUTLER ESTATES, according to the Plat thereof as recorded in plat book 10, page 47 and 48, public records of Orange County, Florida, Parcel ID No. 07-23-28-4338-00-090, and as reflected in Deed recorded on November 6, 2014 at O.R. Book 10831 Page 2167, Public Records of Orange County, Florida  (the "Jointly Held Property").

40. Any and all HUD-1 settlement or closing statements for the sale of the Jointly Held Property.

41. Any and all documents related to the closing upon the sale and purchase of the Jointly Held Property, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices evidencing any transfer or disposition of any proceeds from the sale of the Jointly Held Property.

42. Any and all documents related to the use of proceeds received from the sale of the Jointly Held Property for any purpose whatsoever, including but not limited to emails, account statements, correspondence of any kind, cancelled checks (front & back) and wire transfer advices.

43. Any and all contracts for the listing, sale, transfer or purchase of that certain parcel of real property located at 531 Ocoee Apopka Road, Ocoee, Florida 34761, Parcel ID No. 07-22-28-0000-00-019, and as described in Deed recorded on October 16, 2015 at O.R. Book 10999 Page 2193, Public Records of Orange County, Florida (the "Douglas S. Swatkowski, LLC Property").

44. Any and all documents related to the closing upon any sale and purchase of the Douglas S. Swatkowski, LLC Property, including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks (front & back) and wire transfer advices evidencing any transfer or disposition of any proceeds from the sale of the Douglas S. Swatkowski, LLC Property or any related contract or listing.

45. Any and all documents (including but not limited to closing documents, settlement statements, emails, correspondence of any kind, cancelled checks [front & back] and wire transfer advices) related to the transfer, sale or disposition of any assets of either Douglas Swatkowski, Kimberley Swatkowski, Central Sweeping Service, Inc., Central Sweeping & Milling, LLC, or Douglas S. Swatkowski, LLC to any person or entity at any time from January 1, 2011 to the present, including but not limited to the following persons or entities: (a) Cynthia Humphrey; (b) Brain Oxtal; (c) James Pasilla, Jr.; (d) James Pasilla; (e) Douglas Oxtal; (f) Superior Roadway Services, LLC; (g) Superior Rumble Services, LLC; (h) K and S Services, LLC.

4833-7878-1495, v. 1